PER CURIAM.
We reverse the order refusing to set aside the default. Excusable neglect was demonstrated not only in appellant’s misunderstanding as to legal representation, but also in the uncertainty as to the time period in which he was to answer an amended complaint.
All of the events below happened within a relative short period of time. Appellant’s codefendant and business partner was first served with process and gave the pleadings to appellant who, in turn, took the pleadings to an attorney. The attorney, apparently acting only on the summons actually served, filed a responsive pleading on behalf of the codefendant but not the appellant. Subsequently appellant was served, but, apparently believing that the attorney had already filed a response for him, he did not take these pleadings (the same complaint previously served on his codefend-ant) to the attorney.
The plot thickens. No default was obtained for failure to respond to service of the original pleadings. Indeed, none could be, because before the time expired for appellant to respond, the plaintiff filed a motion to file an amended complaint. The order granting the motion to amend shows no service on appellant, but only service on the plaintiff and the codefendant. In addition, the order states “The Defendants have_number of days” to respond to the amended complaint. The blank for the number of days is just that, blank. So, not only was appellant not notified of the order *272 granting the motion, he was not given any certain number of days to respond to the amended complaint. Neither was he subsequently served with a summons that notified him to respond within 20 days. Appellant was mailed a copy of the amended complaint. The record is void as to when, if ever, appellant received the trial court’s order authorizing the filing of the amended complaint.
On this record there is simply no way to fix a date upon which appellant was on notice that he would be defaulted. This procedure was fundamentally flawed and the appellant is entitled to have the default set aside.
REVERSED AND REMANDED.
ANSTEAD, LETTS and DELL, JJ., concur.